■ CORNELIUS SEWELL, IV, Appellant, v DILBAGH SINGH, Respondent.—Order, Supreme Court, New York County (Charles Ramos, J.), entered on November 2, 1989, which granted defendant-respondent's motion to strike the action from the Trial Calendar on the ground that pretrial discovery proceedings have not been completed, unanimously reversed, on the law, the facts, and in the exercise of discretion the motion denied, and the matter restored to the Trial Calendar, with costs.

In this personal injury action, which arises out of a May 29, 1987 automobile accident, plaintiff served a bill of particulars on September 6, 1988, together with a notice of availability for physical examination, medical reports from two treating physicians, and authorizations for the release of hospital records.

Defendant failed to respond by either naming an examining physician or scheduling a physical examination.

On December 5, 1988, plaintiff served a supplementary bill of particulars, together with a medical report and a second notice of availability for physical examination of plaintiff. Once again, defendant failed to act.

On February 28, 1989, the parties appeared for a preliminary conference and entered into a stipulation as follows:

"Plaintiff is permitted to file a note of issue. All discovery is completed except that defendant is to provide a copy of the face sheet of defendant's insurance company, and an affidavit as to excess coverage.

"Plaintiff is to file a note of issue on or before March 30, 1989."

Three days later, defendant's counsel confirmed the stipulation by letter, which enclosed the last open item of discovery, and which reminded plaintiff that, pursuant to the stipulation, the note of issue was to be filed on or before March 30, 1989. On March 8, 1989, plaintiff duly placed the matter on the calendar by serving and filing a note of issue and statement of readiness.

Four months later, defendant moved to strike the action from the calendar, citing "mistake" by the attorney who signed the February 28, 1989 stipulation. Plaintiff appeals from the IAS Part's grant of this relief. We reverse.

Under Uniform Rules for Trial Courts (22 NYCRR) § 202.17 (a), an examining party shall, within five days of receipt of notice by the party to be examined, submit the name of the physicians who will conduct the examination. Here, defendant failed to do so after twice being noticed by the plaintiff. Although failure to comply with this rule may be excused (see, e.g., *Cooper v Cheek*, 122 AD2d 187, 188; *Crespo v Thomas*, 73 AD2d 898), the within defendant has also failed to comply with section 202.21 (e), which requires that a motion to strike a note of issue be made within 20 days after service thereof.

The failure to timely move to strike is deemed a waiver of the right to conduct a physical examination of plaintiff (*Williams v Long Is. Coll. Hosp.*, 147 AD2d 558, 559; *Kanterman v Palmiotti*, 122 AD2d 116) and, absent a showing of special circumstances or adequate reason for the delay, will not be excused. (*Franck v Quinones*, 65 AD2d 518, 519; *Jacobs v Peress*, 23 AD2d 483.) Before us is a record which is not only devoid of any such grounds, but includes a stipulation signed by defense counsel that the note of issue would be filed, and a

letter written by defense counsel confirming its terms. Concur —Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.