■ MARGARITA DOMINGUEZ, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent. —Order, Supreme Court, New York County (Lewis Friedman, J.), entered on or about January 12, 1990, which granted, *inter alia,* defendant's motion to the extent of directing plaintiff to submit to a neurological examination before trial while keeping the matter on the Trial Calendar, unanimously affirmed, without costs.

Defendant moved to vacate the note of issue and to strike the action from the Trial Calendar so that it could conduct a neurological/psychological examination of plaintiff. Generally, the failure to move to vacate a note of issue and certificate of readiness within 20 days of service constitutes a waiver of the right to conduct a subsequent physical examination, absent a showing of special circumstances or adequate reason for the delay *(Sewell v Singh,* 160 AD2d 592). Nevertheless, in certain circumstances where no prejudice would result, a party may be relieved of its waiver *(Williams v Long Is. Coll. Hosp.,* 147 AD2d 558).

The instant record clearly establishes the need for a neurological/psychological examination of plaintiff by defendant in view of plaintiff's physicians' findings. In this regard, the prior orthopedic examination is irrelevant, as defendant is entitled to have the opinion of an expert in neurology, a different medical discipline. *(See, Rouen v Chrysler Credit Corp.,* 145 AD2d 381, 382.)* Further, there is no prejudice to plaintiff as the IAS court directed that the matter remain on the Trial

Calendar. *(Williams v Long Is. Coll. Hosp., supra.)* Concur— Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.