■ DIANE S. LAPSON et al., Appellants, v HERTZ CORPORATION et al., Respondents.—Orders, Supreme Court, New York County (Eugene Nardelli, J.), entered January 22, 1990, which adopted the recommendation of J.H.O. Alvin Klein and denied plaintiffs' motion for a protective order vacating defendant Hertz's notice of physical examination and which granted Hertz's motion for an order directing plaintiff Diane Lapson to submit to a neurological examination, unanimously affirmed, without costs.

Although generally a party's failure to move to vacate a note of issue and a certificate of readiness within 20 days of service constitute a waiver of the right to conduct a subsequent physical examination, an adequate reason for the delay and lack of prejudice to plaintiff was demonstrated here so as to relieve defendant of such waiver. *(See, Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 168 AD2d 376.)

The instant record clearly reveals the need for a neurological examination of plaintiff by defendant's physician. Shortly after plaintiffs filed their note of issue and certificate of readiness, defendant Hertz obtained an order permitting its orthopedist to conduct a physical examination of plaintiff. On the date of such examination, plaintiff served defendant with an amended verified bill of particulars in which she expanded the scope of her alleged injuries to include some which were neurological in nature. At the conclusion of the orthopedic examination, defendant's physician, who did not have the benefit of having read the pleading, indicated the need for a neurological examination because plaintiff's "subjective symptoms" were not "causally related" to his objective findings.

Additionally, no prejudice can be discerned, as the matter remains on the Trial Calendar.

We have considered plaintiffs' remaining claim and find it to be without merit. Concur—Murphy, P. J., Milonas, Kupferman and Rubin, JJ.