■ GABRIEL VERRENGIO, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant and Third-Party Plaintiff, et al., Third-Party Defendants.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 9, 1991, which, *inter alia,* denied the motion of the defendant and third-party

plaintiff, Consolidated Rail Corporation, for an additional physical examination of plaintiff, unanimously affirmed, insofar as appealed from, without costs.

On or about February 15, 1985, Mr. Gabriel Verrengio, employed by Consolidated Rail Corporation (Consolidated), allegedly suffered severe injuries to his left hand, when it was crushed, as a result of being caught in a railroad car coupler.

Thereafter, in 1986, Mr. Verrengio (plaintiff) commenced an action against Consolidated to recover damages for his injuries, and, in turn, Consolidated (defendant) commenced a third-party action against a number of third-party defendants.

Issue has been joined. Following the plaintiff's service, in 1987, of a verified bill of particulars, and his physical examination, in September 1988, by two doctors, upon behalf of the defendant, the plaintiff, on or about July 2, 1990, served a note of issue and a certificate of readiness.

Although defendant did not timely move to vacate the note of issue and certificate of readiness, almost a year later, in June 1991, it moved for an additional physical examination of plaintiff. By order, entered July 9, 1991, the Motion Court, *inter alia,* denied that application. Defendant appeals.

Repeatedly, we have held that the failure to comply with Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (e), requiring that a motion to vacate a note of issue must be made within 20 days of service thereof, "is deemed a waiver of the right to conduct a physical examination of plaintiff * * * and, absent a showing of special circumstances or adequate reason for the delay, will not be excused" *(Sewell v Singh,* 160 AD2d 592, 593 [1st Dept 1990]; *Price v Bloomingdale's, Div. of Federated Dept. Stores,* 166 AD2d 151 [1st Dept 1990]; *Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 168 AD2d 376 [1st Dept 1990]).

Our review of the record indicates that, although after filing the note of issue and certificate of readiness, plaintiff was examined again by his own physician, he is neither claiming new or additional injuries nor has he filed a supplemental bill of particulars.

Applying the legal authority, *supra,* to the instant case, we find that, since defendant has not either shown "special circumstances or adequate reason for the delay" in seeking a further physical examination, the Motion Court did not abuse its discretion in denying that relief *(Sewell v Singh, supra,* at 593).

Accordingly, we affirm. Concur—Carro, J. P., Milonas, Ellerin, Wallach and Ross, JJ.