■ DOMINICK DIMARE et al., Respondents, v MACE ASSOCIATES, Doing Business as 735 MACE AVENUE, et al., Appellants, et al., Defendant.—Order, Supreme Court, Bronx County (Hansel McGee, J.) entered April 26, 1991, which, *inter alia,* denied the motion of defendants Mace Associates, doing business as 735 Mace Avenue, and J.H. Taylor Management for an additional physical examination of plaintiff, unanimously affirmed, without costs.

On April 3, 1986, plaintiff sustained a broken right hip when he slipped and fell on premises owned and managed by defendants. Following the service of a verified bill of particulars, plaintiff was physically examined in November 1987, February 1989 and November 1990. Thereafter, on January 31, 1991 plaintiff served a note of issue and certificate of readiness.

Defendants timely moved to vacate the note of issue and certificate of readiness partly on the ground that until they were served on December 4, 1990 with a copy of a November 1990 medical report, they were unaware that plaintiff had a heart condition going back to 1985. However, inasmuch as no new injuries or additional injuries were claimed to have resulted from the 1986 accident, no "special circumstances" have been shown, and the IAS court did not abuse its discretion in denying the relief sought *(see, Verrengio v Consolidated Rail Corp.,* 177 AD2d 411).

We note that defendants have improperly included in their record on appeal the moving papers on their motion to renew or reargue the IAS court's denial of their motion to vacate, which is presently *sub judice (see,* CPLR 5525, 5528). Even if this improperly appended material were to be considered, it does not support defendants' claim of "special circumstances" to warrant a post-note of issue and certificate of readiness physical examination of plaintiff. Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.