JAMES FALCO et al., Appellants, v CURT PARRY et al., Respondents. [775 NYS2d 675]—

Appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered July 2, 2003. The order granted the motion of defendants Curt Parry and Fitness 121, LLC for summary judgment dismissing the complaint against them and that part of the motion of defendant Karen Valentine for summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs, J & M Falco, LLC, a fitness club, and James Falco, its managing member, commenced this action to recover damages arising, inter alia, from the alleged misappropriation of plaintiffs' client list by plaintiffs' former employees, defendants Curt Parry and Karen Valentine, and the use of plaintiffs' client list in a competing business, defendant Fitness 121, LLC (Fitness 121). Supreme Court properly granted the motion of Parry and Fitness 121 seeking summary judgment dismissing the complaint against them and that part of the motion of Valentine seeking summary judgment dismissing the complaint against her as well. "It is well established that in the absence of a restrictive covenant not to compete, 'an employee is free to compete with his or her former employer unless trade secrets are involved or fraudulent methods are employed' " (*NCN Co. v Cavanagh,* 215 AD2d 737, 737 [1995], quoting *Walter Karl, Inc. v Wood,* 137 AD2d 22, 27 [1988]). Defendants established that plaintiffs' client list is readily ascertainable from nonconfidential sources outside plaintiffs' business, and thus the client list is not entitled to trade secret protection (*see Starlight Limousine Serv. v Cucinella,* 275 AD2d 704, 705 [2000]; *Comcast Sound Communications v Hoeltke,* 174 AD2d 1023, 1024 [1991], *lv dismissed* 79 NY2d 915 [1992]). Defendants further established that they engaged in no wrongful conduct such as physically taking or copying plaintiffs' files, and the use of information concerning plaintiffs' clients that is "based on casual memory . . . is not actionable" (*Arnold K. Davis & Co. v*

*Ludemann*, 160 AD2d 614, 615 [1990]; *see Levine v Bochner*, 132 AD2d 532, 532-533 [1987]). In opposition to the motion, plaintiffs failed to raise a triable issue of fact whether their client list constitutes a trade secret or whether defendants engaged in any actionable conduct (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Gorski, JJ.