■ SKENDER NIKQI, Respondent, v DEDONA CONTRACTING CORPORATION et al., Appellants. [986 NYS2d 123]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered August 12, 2013, which, inter alia, denied defendants' motion to vacate the note of issue, to direct a further IME of plaintiff by a traumatic brain injury specialist, and to direct plaintiff to provide further authorizations for the release of his medical treatment records, unanimously affirmed, without costs.

Defendants failed to demonstrate unusual or unanticipated circumstances that would warrant vacating the note of issue (*see* 22 NYCRR 202.21 [d], [e]). Rather, the record shows a lack of diligence on defendants' part in seeking discovery (*see Colon v Yen Ru Jin*, 45 AD3d 359, 360 [1st Dept 2007]; *Grant v Wainer*, 179 AD2d 364 [1st Dept 1992]).

The court also properly concluded that defendants failed to demonstrate that any special or unusual circumstances existed for seeking plaintiff's medical authorizations, after the filing of the note of issue. Defendants were aware of plaintiff's alleged injuries and had ample time to request the authorizations, but failed to do so. Similarly, defendants failed to show that a post-note of issue IME was warranted where plaintiff did not claim any new or additional injuries (*see DiMare v Mace Assoc.*, 178

AD2d 196 [1st Dept 1991]). Concur—Sweeny, J.P., Acosta, Renwick, Andrias and Freedman, JJ.