Photonics Indus. Intl., Inc. v Xiaojie Zhao (2020 NY Slip Op 04330)





Photonics Indus. Intl., Inc. v Xiaojie Zhao


2020 NY Slip Op 04330


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2017-04866
 (Index No. 13835/05)

[*1]Photonics Industries International, Inc., appellant,
v
Xiaojie Zhao, respondent, et al., defendants.


Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Jeffrey V. Basso of counsel), for appellant.
Egan & Golden, LLP, Patchogue, NY (Christopher A. Bianco of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for misappropriation of trade secrets, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated February 6, 2017. The order, insofar as appealed from, denied the plaintiff's motion to vacate the note of issue and compel additional discovery, and granted those branches of the cross motion of the defendant Xiaojie Zhao which were for summary judgment dismissing the first, third, fourth, and fifth causes of action insofar as asserted against him.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the cross motion of the defendant Xiaojie Zhao which were for summary judgment dismissing the third and fifth causes of action insofar as asserted against him, and substituting therefor a provision denying those branches of the cross motion, and (2) by deleting the provision thereof granting the branch of the cross motion of the defendant Xiaojie Zhao which was for summary judgment dismissing so much of the first cause of action as was predicated upon allegations of misappropriation of trade secrets relating to the manufacture of lasers insofar as asserted against him, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2000, the plaintiff, a laser manufacturing and development company, entered into an employment agreement with the defendant Xiaojie Zhao (hereinafter the defendant). The defendant's employment with the plaintiff ended in 2004. That same year, the defendant began working for the defendant Yuco Optics Corp. (hereinafter Yuco Optics), a newly formed laser manufacturing company.
The plaintiff commenced this action against the defendant, Yuco Optics, and others. The plaintiff alleged, inter alia, misappropriation of trade secrets, breach of the employment agreement's noncompetition provision, false advertising pursuant to 15 USC § 1125(a), and common-law unfair competition. The plaintiff filed a note of issue. Thereafter, the plaintiff moved to vacate the note of issue and compel additional discovery. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him.
In an order dated February 6, 2017, the Supreme Court, among other things, denied the plaintiff's motion, and granted those branches of the defendant's cross motion which were for summary judgment dismissing the first, third, fourth, and fifth causes of action insofar as asserted against him. The plaintiff appeals.
We agree with the Supreme Court's determination denying the plaintiff's motion to vacate the note of issue and compel additional discovery. Where, as here, such a motion was made more than 20 days after the note of issue had been served (see 22 NYCRR 202.21[e]), the standard under 22 NYCRR 202.21(d) must be met (see Audiovox Corp. v Benyamini, 265 AD2d 135, 139-140). "To prevent substantial prejudice, the Supreme Court, in its discretion, may grant leave to conduct additional discovery after the filing of a note of issue and certificate of readiness where the moving party demonstrates that unusual or unanticipated circumstances developed subsequent to the filing requiring additional pretrial proceedings" (Roye v Gelberg, 172 AD3d 1260, 1262 [internal quotations marks omitted]; see 22 NYCRR 202.21[d]; Audiovox Corp. v Benyamini, 265 AD2d at 139-140). Here, the plaintiff failed to demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue (see Singh v 244 W. 39th St. Realty, Inc., 65 AD3d 1325, 1325).
We agree with the Supreme Court's determination granting that branch of the defendant's cross motion which was for summary judgment dismissing the fourth cause of action, alleging false advertising pursuant to 15 USC § 1125(a), insofar as asserted against him. In opposition to the defendant's prima facie showing of his entitlement to judgment as a matter of law dismissing this cause of action insofar as asserted against him (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
The first cause of action alleged misappropriation of trade secrets relating both to the manufacture of lasers and to customer identification and lists. We agree with the Supreme Court's determination granting that branch of the defendant's cross motion which was for summary judgment dismissing, insofar as asserted against him, so much of the first cause of action as was predicated upon allegations of misappropriation of trade secrets relating to customer identification and lists. The defendant showed, prima facie, that the plaintiff's customer list was not proprietary information. The defendant stated, at his deposition, that he used trade buyer guides and trade show lists to contact clients after he moved to Yuco Optics. Where, as here, customer information can be obtained with little effort from nonconfidential sources, or is based on casual memory, it is not actionable (see Falco v Parry, 6 AD3d 1138). The plaintiff failed to raise a triable issue of fact as to whether its customer list was in fact a trade secret (see Starlight Limousine Serv., Inc. v Cucinella, 275 AD2d 704).
We disagree, however, with the Supreme Court's determination granting that branch of the defendant's cross motion which was for summary judgment dismissing, insofar as asserted against him, so much of the first cause of action as was predicated upon allegations of misappropriation of trade secrets relating to the manufacture of lasers. The elements of a cause of action to recover damages for misappropriation of trade secrets are: (1) possession of a trade secret; and (2) use of that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means (see Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1106). A trade secret includes any compilation of information which provides the company with an opportunity to obtain an advantage over competitors who do not know or use it (see Ashland Mgt. v Janien, 82 NY2d 395, 407).
The defendant established, prima facie, that he did not misappropriate the plaintiff's trade secrets in developing lasers for Yuco Optics. Although the defendant agreed, through the employment agreement with the plaintiff, that he would not "use or disclose for [his] own benefit or the benefit of others any confidential or proprietary information of the [plaintiff]," he stated, in his affidavit in support of his cross motion, that he was "not aware of any proprietary information that plaintiff possesses" and that the plaintiff's "lasers are not unique in the industry and are not significantly different from other similar lasers manufactured by other entities." He asserted that air [*2]cooled diode pumped lasers were common in the marketplace, were not protected by patents, and were clearly detailed on the plaintiff's website.
In opposition, however, the plaintiff raised triable issues of fact as to whether the defendant used its trade secrets in the manufacture of particular lasers. Yusong Yin, the plaintiff's president, stated in an affidavit in opposition to the cross motion that prior to the defendant's employment with Yuco Optics, the plaintiff was the only laser manufacturer that supplied "high-powered end pumped intra-cavity diode pumped Nd:YLF, Nd:YV04, Nd:YAG UV lasers" on the international market. Yusong Yin claimed that, to develop those lasers after leaving the plaintiff's employment, the defendant "had to know what crystal to be used, the doping level, mirror curvatures, harmonic crystal cut orientation, location and distances," all of which, Yusong Yin alleged, was proprietary information specific to the plaintiff. The plaintiff also submitted an expert affidavit opining that Yuco Optics would not have been able to develop these particular lasers within three months without the use of the plaintiff's proprietary information.
Similarly, we disagree with the Supreme Court's determination granting that branch of the defendant's cross motion which was for summary judgment dismissing, insofar as asserted against him, the fifth cause of action, alleging common-law unfair competition based on the misappropriation of trade secrets with regard to those particular lasers (see ITC Ltd. v Punchgini, Inc., 9 NY3d 467, 476-477). The fifth cause of action, and so much of the first cause of action as was predicated upon allegations of misappropriation of trade secrets relating to the manufacture of lasers, stand or fall together (see 1 Model Mgt., LLC v Kavoussi, 82 AD3d 502).
Further, we disagree with the Supreme Court's determination granting that branch of the defendant's cross motion which was for summary judgment dismissing, insofar as asserted against him, the third cause of action alleging breach of the employment agreement's non-competition clause. A restrictive covenant will not be enforced if it is unreasonable in time, space, or scope (see American Broadcasting Cos. v Wolf, 52 NY2d 394, 403-404). Thus, "a restrictive covenant will only be subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee" (Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 307). In this case, the defendant demonstrated, prima facie, that the noncompetition clause contained in the employment agreement was overly broad. However, in opposition, the plaintiff raised a triable issue of fact regarding whether the noncompetition clause should be partially enforced. A restrictive covenant may be partially enforced to the extent necessary to protect a company's legitimate interests (see BDO Seidman v Hirschberg, 93 NY2d 382, 394). In particular, "restrictive covenants will be enforceable to the extent necessary to prevent the disclosure or use of trade secrets or confidential customer information" (Reed, Roberts Assoc. v Strauman, 40 NY2d at 308).
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court