Reardon v Macy's, Inc. (2021 NY Slip Op 00582)





Reardon v Macy's, Inc.


2021 NY Slip Op 00582


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-10756
 (Index No. 518472/17)

[*1]Virginia Reardon, respondent, 
v
Macy's, Inc., et al., appellants, et al., defendants.


Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for appellants.
Neal Forman, Brooklyn, NY (Thomas Torto of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Macy's, Inc., Bloomingdales, LLC, Bloomingdales, Inc., Michael T. Malcolm, and Mirela Gjonbalaj appeal from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated August 15, 2019. The order, insofar as appealed from, denied those branches of those defendants' motion which were to vacate the note of issue and certificate of readiness, and to compel discovery.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof which denied those branches of the motion of the defendants Macy's, Inc., Bloomingdales, LLC, Bloomingdales, Inc., Michael T. Malcolm, and Mirela Gjonbalaj which were to compel a deposition and an independent medical examination of the plaintiff, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, to schedule the deposition and the independent medical examination of the plaintiff.
In this action to recover damages for personal injuries, on March 27, 2018, the Supreme Court issued a preliminary conference order directing discovery, including the plaintiff's deposition and her response to the demands of the defendants Macy's, Inc., Bloomingdales, LLC, Bloomingdales, Inc., Michael T. Malcolm, and Mirela Gjonbalaj (hereinafter collectively the defendants) for medical authorizations. On October 11, 2018, the court again directed specified disclosure, i.e., certain authorizations, the deposition of the plaintiff, and the independent medical examination of the plaintiff.
On March 25, 2019, the plaintiff served a note of issue and certificate of readiness, stating that the physical examination of the plaintiff was waived. It is undisputed that the defendants moved to vacate the note of issue and certificate of readiness and to compel specified discovery previously directed. However, these motion papers were not included in the record on appeal.
According to the defendants, at a conference held on June 12, 2019, the Supreme Court declined to address those branches of their motion which were to vacate the note of issue and compel discovery, indicating that those arguments should be directed to a compliance part and [*2]permitting the defendants to re-file the motion. However, that order is not in the record.
On June 25, 2019, the defendants again moved, inter alia, to vacate the note of issue and certificate of readiness and, again to compel specified discovery, including certain authorizations, and a deposition and an independent medical examination of the plaintiff. The plaintiff cross-moved to impose sanctions, and in opposition to the defendants' motion, asserted that the authorizations were provided. The plaintiff further asserted that the defendants' motion was untimely, and there was no basis to grant renewal or reargument of the prior motion for the same relief. The order appealed from denied the defendants' motion as "untimely and defective," without explanation.
Contrary to the plaintiff's contention, the record on appeal submitted to this Court is sufficient to decide the appeal. The papers submitted to this Court are the papers which were submitted to the Supreme Court.
Pursuant to 22 NYCRR 202.21(e), a motion to vacate a note of issue and certificate of readiness must be made within 20 days of the service of the note of issue and certificate of readiness. The court may vacate a note of issue and certificate of readiness if it appears that a material statement in the certificate of readiness is incorrect. The certificate of readiness states that the physical examination of the plaintiff was waived. However, there is no evidence in the record that an independent medical examination of the plaintiff was waived.
The defendants assert that their motion in June 2019 was not untimely, because they were re-filing a prior timely motion made pursuant to the directions of the Supreme Court. However, the prior motion and the order entered thereon were not re-filed with their June 2019 motion papers.
Pursuant to CPLR 2214(c), a party in an e-filed action may rely on e-filed papers and need not include those papers in its motion papers, "but may make reference to them, giving the docket numbers on the e-filing system" (see Eastern Funding LLC v San Jose 63 Corp., 172 AD3d 818, 819). However, the docket numbers on the e-filing system must be provided. Here the docket numbers on the e-filing system of the papers in question were not provided in the motion papers filed in June 2019. Therefore, the prior motion for similar relief is not part of the record submitted to the Supreme Court.
Where a party's motion to vacate a note of issue is timely, "the party is 'required only to demonstrate why the case [is] not ready for trial'" (Cioffi v S.M. Foods, Inc., 178 AD3d 1003, 1004, quoting Jacobs v Johnston, 97 AD3d 538, 538; see 22 NYCRR 202.21[e]). However, where the motion is not timely, the party seeking relief must meet the "more difficult standard" of 22 NYCRR 202.21(d) which "requires the movant to demonstrate unusual or unanticipated circumstances and substantial prejudice" (Audiovox Corp. v Benyamini, 265 AD2d 135, 138; see Photonics Indus. Intl., Inc. v Xiaojie Zhao, 185 AD3d 1064, 1065-1066; Cioffi v S.M. Foods, Inc., 178 AD3d at 1004). The defendants' June 2019 motion was untimely, and the defendants failed to proffer any evidence that there were unusual or unanticipated circumstances warranting vacatur of the note of issue (see Bundhoo v Wendy's, 152 AD3d 734, 737).
However, the plaintiff should be directed to appear at an independent medical examination and a deposition, which was previously ordered (id.). Accordingly, we modify the order by deleting the provisions thereof which denied those branches of the defendants' motion which were to compel a deposition and an independent medical examination of the plaintiff, substitute therefor provisions granting those branches of the motion, and remit the matter to the Supreme Court, Kings County, to schedule the deposition and the independent medical examination of the plaintiff.
The parties' remaining contentions are without merit or need not be addressed in light of our determination.
MASTRO, A.P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court