Plenty v New York City Tr. Auth. (2024 NY Slip Op 03768)

Plenty v New York City Tr. Auth.

2024 NY Slip Op 03768

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2020-05130
 (Index No. 514023/16)

[*1]Dorian Scott Plenty, respondent, 
v
New York City Transit Authority, et al., appellants.

Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellants.
Joshua Brian Irwin, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Diane Toner], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated March 4, 2020. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3126 to preclude the plaintiff from offering evidence on the issue of damages at trial or in opposition to any motion for summary judgment or, in the alternative, to strike the note of issue and compel the plaintiff to comply with outstanding discovery demands and orders.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of a motor vehicle accident that occurred on March 5, 2016, when the vehicle he was operating made contact with a commuter bus that was operated by the defendant Clement Beckles and owned and managed by the defendants New York City Transit Authority, Metropolitan Transportation Authority, and MTA Bus Company. On January 30, 2017, the Supreme Court issued a preliminary conference order directing discovery, including the plaintiff's deposition, an independent medical examination (hereinafter IME), and the production of various medical authorizations for the defendants pursuant to the Health Insurance Portability and Accountability Act (hereinafter HIPAA). On August 1, 2017, and July 3, 2018, the court again directed specified disclosures. In response to the defendants' discovery demands, the plaintiff, inter alia, submitted to the defendants a number of HIPAA authorizations related to the medical treatment he received allegedly as a result of the subject accident. On February 1, 2019, the plaintiff served a note of issue and certificate of readiness, stating, among other things, that all physical examinations had been completed, all medical reports had been exchanged, and discovery proceedings known to be necessary had been completed.
In October 2019, the defendants' counsel conducted an "ISO ClaimSearch," which revealed that the plaintiff was in a subsequent motor vehicle accident on December 18, 2018. The defendants' counsel then served the plaintiff with additional discovery demands related to the subsequent accident, including for, inter alia, HIPAA authorizations, a supplemental IME, and a supplemental deposition. Even though the plaintiff objected to the discovery demands pertaining [*2]to the subsequent accident on the ground that he did not sustain any physical injuries as a result of that accident, he supplied the defendants with a HIPAA authorization permitting them to obtain the insurance claim file for the subsequent accident.
In January 2020, the defendants moved, inter alia, pursuant to CPLR 3126 to preclude the plaintiff from offering evidence on the issue of damages at trial or in opposition to any motion for summary judgment as a sanction for failing to comply with various discovery demands and orders related to the subject and subsequent accidents or, in the alternative, to strike the note of issue and compel the plaintiff to comply with those discovery demands and orders. By order dated March 4, 2020, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appeal.
Pursuant to CPLR 3126(2), a court may issue an order "prohibiting [a] disobedient party . . . from producing in evidence designated things" as a sanction, if that party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed." "Before a court invokes the drastic remedy of precluding evidence based on the failure to provide court-ordered discovery, there must be a clear showing that the failure was willful and contumacious" (Llanos v Casale Constr. Servs., Inc., 188 AD3d 864, 865). The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders and the absence of a reasonable excuse for these failures (see id.; Smookler v Dicerbo, 166 AD3d 838, 839). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (see Smookler v Dicerbo, 166 AD3d at 839). Here, under the totality of the circumstances, the defendants failed to make a clear showing that the plaintiff willfully and contumaciously refused to comply with discovery demands and orders (see Ferjuste v 437 BMW, LLC, 219 AD3d 1308; Piper-Rader v Muslim, 99 AD3d 686).
"Where a party's motion to vacate a note of issue is timely, the party is required only to demonstrate why the case is not ready for trial" (Reardon v Macy's, Inc., 191 AD3d 712, 714 [alterations and internal quotation marks omitted]; see 22 NYCRR 202.21[e]). "However, where the motion is not timely, the party seeking relief must meet the more difficult standard of 22 NYCRR 202.21(d)" (Reardon v Macy's, Inc., 191 AD3d at 714 [internal quotation marks omitted]), which "requires the movant to demonstrate unusual or unanticipated circumstances" since the filing of the note of issue and "substantial prejudice" (Audiovox Corp. v Benyamini, 265 AD2d 135, 138; see C Castle Group Corp. v Herzfeld & Rubin, P.C., 211 AD3d 1006). Here, the defendants' motion was made on January 21, 2020. That branch of the motion which was to vacate the note of issue was untimely, and the defendants failed to proffer any evidence that there were unusual or unanticipated circumstances since the filing of the note of issue warranting its vacatur (see Reardon v Macy's, Inc., 191 AD3d at 714; Photonics Indus. Intl., Inc. v Xiaojie Zhao, 185 AD3d 1064, 1066).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3126 to preclude the plaintiff from offering evidence on the issue of damages at trial or in opposition to any motion for summary judgment or, in the alternative, to strike the note of issue and compel the plaintiff to comply with outstanding discovery demands and orders.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court