Paulino v Staten Is. Univ. Hosp. (2025 NY Slip Op 00232)

Paulino v Staten Is. Univ. Hosp.

2025 NY Slip Op 00232

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-01235
 (Index No. 151802/16)

[*1]Destiny Paulino, plaintiff-respondent, 
v
Staten Island University Hospital, defendant third-party plaintiff- appellant, Amit Gupta, etc., et al., defendants- appellants; Inas L. Wassef, etc., et al., third-party defendants-respondents.

Amabile & Erman, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for defendant third-party plaintiff-appellant and defendants-appellants.
Silverson Pareres & Lombardi LLP, White Plains, NY (Joseph T. Pareres and Sarah E. Phillips of counsel), for third-party defendants-respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant third-party plaintiff and the defendants Amit Gupta, Erika Jones, Yvonne Giunta, Cheryl Desilva, Jennifer Morrison, Seyun Kim, and Omairah Moti appeal from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated December 16, 2022. The order, in effect, denied that branch of the motion of the defendant third-party plaintiff and those defendants which was to vacate the note of issue and certificate of readiness and granted that branch of the cross-motion of the third-party defendants which was to sever the third-party action from the main action.
ORDERED that the order is affirmed, with costs.
In or around December 2016, the then 17-year-old plaintiff, by her mother and natural guardian, commenced this action against the defendants Staten Island University Hospital (hereinafter the Hospital) and several of its employee doctors to recover damages for medical malpractice related to the care and treatment she received from them in October 2013. In 2018, the plaintiff filed an amended complaint, followed by a second amended complaint, naming certain additional employee doctors as defendants. Each of the defendants interposed an answer to the second amended complaint.
Thereafter, in September 2018, the parties appeared for a preliminary conference, after which depositions took place. In September 2022, the parties appeared before the Supreme Court for a conference at which the court directed the plaintiff to file a note of issue within 30 days of that conference. The court also directed the parties to appear for a pretrial conference in December 2022.
On September 20, 2022, the plaintiff filed the note of issue and certificate of readiness, indicating that discovery in the action was complete. On that same date, the Hospital [*2]commenced a third-party action for indemnification and/or contribution against the third-party defendants, the plaintiff's personal physicians and their medical practice, based on allegations that they had provided care and treatment to the plaintiff, including at the Hospital, during the time period at issue. The third-party defendants interposed an answer to the third-party complaint, along with a demand for a bill of particulars and combined discovery demands.
The employee doctors (hereinafter collectively the individual defendants) and the Hospital moved, inter alia, to vacate the note of issue and certificate of readiness. The third-party defendants opposed and cross-moved, among other things, to sever the third-party action from the main action. The plaintiff opposed that branch of the motion which was to vacate the note of issue and certificate of readiness and supported that branch of the cross-motion which was to sever the third-party action from the main action.
In an order dated December 16, 2022, the Supreme Court, in effect, denied that branch of the motion of the Hospital and the individual defendants which was to vacate the note of issue and certificate of readiness and granted that branch of the third-party defendants' cross-motion which was to sever the third-party action from the main action. The Hospital and the individual defendants appeal. We affirm.
Pursuant to 22 NYCRR 202.21, within 20 days after service of a note of issue and certificate of readiness, any party to the action may move to vacate the note of issue, upon an affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect (see id. § 202.21[e]). However, where a motion to vacate the note of issue is made after the 20-day time limit, the movant is required to "demonstrate that unusual or unanticipated circumstances developed subsequent to the filing of the note of issue and certificate of readiness requiring additional pretrial proceedings to prevent substantial prejudice" (C Castle Group Corp. v Herzfeld & Rubin, P.C., 211 AD3d 1006, 1006 [internal quotation marks omitted]; see Reardon v Macy's, Inc., 191 AD3d 712, 714).
Here, the Supreme Court properly, in effect, denied that branch of the motion of the Hospital and the individual defendants which was to vacate the note of issue and certificate of readiness. As an initial matter, the motion was untimely (see 22 NYCRR 202.21[e]; Cesarz v O'Reilly, 194 AD3d 1007, 1007; Reardon v Macy's, Inc., 191 AD3d at 714), and, under the circumstances of this case, the need to conduct discovery in the third-party action was not an unusual or unanticipated circumstance warranting vacatur of the note of issue (see Reardon v Macy's, Inc., 191 AD3d at 714; Audiovox Corp. v Benyamini, 265 AD2d 135, 139).
Under the circumstances, the Supreme Court also providently exercised its discretion in granting that branch of the third-party defendants' cross-motion which was to sever the third-party action from the main action. Pursuant to CPLR 603, the court has the discretion, in the furtherance of convenience or to avoid prejudice, to order a severance of claims. Further, pursuant to CPLR 1010, the court has the discretion to order a separate trial of a third-party claim or make such other order as may be just upon consideration of whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party (see Whippoorwill Hills Homeowners Assn., Inc. v Toll at Whippoorwill, L.P., 91 AD3d 864, 865; Abreo v Baez, 29 AD3d 833, 834). Here, the Hospital and the individual defendants failed to demonstrate that they will suffer any prejudice from severance of the third-party action from the main action (see Ambriano v Bowman, 245 AD2d 404, 405). On the other hand, absent severance, the plaintiff's interest in the prompt resolution of the main action (see Abreo v Baez, 29 AD3d at 834) and the third-party defendants' opportunity to conduct adequate discovery in the third-party action will be prejudiced (see Whippoorwill Hills Homeowners Assn. Inc. v Toll at Whippoorwill, L.P., 91 AD3d at 865).
The remaining contentions of the Hospital and the individual defendants are either without merit or improperly raised for the first time on appeal.
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court