| |
|---|
| **Stoddart v Dynamic US Inc.** |
| 2025 NY Slip Op 30435(U) |
| February 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150855/2022 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. EMILY MORALES-MINERVA**      PART          **42M**

*Justice*

------------------------------------------------------------------------X

NEVA STODDART,

                               Plaintiff,

                 - v -

DYNAMIC US INC.,

                               Defendant.

------------------------------------------------------------------------X

DYNAMIC US INC.

                               Plaintiff,

               -against-

IHMS, LLC (D/B/A THE PIERRE NEW YORK), 795 FIFTH
AVENUE CORPORATION, J.C.R. BUILDING CORP.,

                               Defendants.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150855/2022 |
| MOTION DATE | 10/09/2024, 12/09/2024, 12/30/2024 |
| MOTION SEQ. NO. | 002 003 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596006/2024

The following e-filed documents, listed by NYSCEF document number (Motion 002) 68, 69, 70, 71, 78, 79, 80, 81, 82

were read on this motion to/for                        **SEVER**               .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 85, 86, 87, 88, 89, 90, 91, 92, 95, 96, 113, 114, 115

were read on this motion to/for         **CONSOLIDATE/JOIN FOR TRIAL**     .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 116, 117, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130

                                        VACATE/STRIKE - NOTE OF ISSUE/JURY

were read on this motion to/for          **DEMAND/FROM TRIAL CALENDAR**   .

150855/2022  STODDART, NEVA vs. DYNAMIC US INC.          Page 1 of 12
Motion No. 002 003 004

1 of 12

APPEARANCES:

Jaroslawicz & Jaros PLLC, New York, NY (David Jaroslawicz, Esq., of counsel), for plaintiff.

Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Jasper C.B. Wong, Esq., of counsel), for defendant DYNAMIC US INC.

EMILY MORALES-MINERVA, J.S.C.

In this personal injury action, plaintiff NEVA STODDART (Stoddart) moves, by notice of motion (sequence number 002), pursuant to CPLR § 1010, for an order severing the third-party action from the main action. Defendant DYNAMIC US INC. (Dynamic) appears and submits written opposition to the motion.

Dynamic moves, by notice of motion (sequence number 003), pursuant to CPLR § 602, for a consolidation order, requesting that Neva Stoddart v J.C.R. Building Corp., Index No. 159323/2024, be consolidated with the instant action. Dynamic also moves, by notice of motion (sequence number 004), pursuant to 22 NYCRR § 202.21(e), to vacate note of issue and remove the case from the trial calendar. Stoddart appears and submits written opposition to the motions.

For the reasons set forth below, the Court grants Stoddart's motion (seq. no. 002) entirely, and otherwise denies Dynamic's motions (seq. nos. 003 and 004).

150855/2022  STODDART, NEVA vs. DYNAMIC US INC.
Motion No.  002 003 004

Page 2 of 12

[* 2]

BACKGROUND

On January 27, 2022, plaintiff NEVA STODDART (Stoddart) commenced this action against defendant DYNAMIC US INC. (Dynamic) for injuries she sustained while employed at the Pierre Hotel as a housekeeper. In the complaint, Stoddart alleges that Dynamic was contracted to perform construction work at the Pierre Hotel and during such work, Dynamic moved wall-mounted staff storage lockers into Pierre Hotel's cafeteria, where they were placed free-standing and unsecured (see NY St Cts Elec Filing [NYSCEF] Doc. No. 001). Stoddart alleges that she was severely injured when an unsecured locker fell upon her in the cafeteria (see id.). Consequently, Stoddart asserts one cause of action sounding in negligence against Dynamic.

The parties engaged in discovery with the court (L. Headley, J.S.C.) holding a status conference between them on August 13, 2024. There, among other things, the court ordered Dynamic to commence any third-party action on or before September 16, 2024 (see NSYCEF Doc. No. 45, Status Conference Order, dated August 13, 2024 [L. Headley, J.S.C.]). The court also ordered Dynamic to "advise [Stoddart] in writing of any outstanding discovery demands within 10 days; [Stoddart] to respond within 30 days of receipt (see id. [emphasis added]).

**150855/2022  STODDART, NEVA vs. DYNAMIC US INC.**
**Motion No.  002 003 004**

**Page 3 of 12**

3 of 12

[* 3]

Thereafter, on August 27, 2024, the court (L. Headley, J.S.C.) granted Stoddart's motion (seq. no. 001) seeking a special trial preference pursuant to CPLR § 3404 (a)(4). The court held that Stoddart had established that she was over 70 years of age, and directed the "Trial Support Office [] to place this case on the trial calendar at the head of said calendar except for actions in which a preference was already granted" (NYSCEF Doc. No. 55, Decision and Order, dated August 27, 2024 [L. Headley, J.S.C.]).

On October 7, 2024, Dynamic commenced a third-party action against IHMS, LLC (D/B/A THE PIERRE NEW YORK), 795 FIFTH AVENUE CORPORATION, and J.C.R. BUILDING CORP (third-party defendants).[1] Therein, Dynamic requests indemnification and contribution against third-party defendants (see NYSCEF Doc. No. 62, Third-Party Complaint). Third-party defendants were served with the summons and complaint, but have not yet appeared or answered the third-party action (see NYSCEF Doc. Nos. 72, 75, 76, 77, Affidavits of Service).

---

[1] Upon a review of the electronic file, Dynamic commenced the third-party action on September 16, 2024 in accordance with the court's (L. Headley, J.S.C.) August 13, 2024 status conference order (see NYSCEF Doc. No. 59, Third Party Complaint). However, due to Dynamic filing it under the incorrect document type, the filing was rejected and removed from NYSCEF (see id., noting that document was deleted on September 23, 2024 due to it not being a "Summons and Interpleader Complaint"). Dynamic filed the corrected document on October 7, 2024. As such, the third-party complaint is timely.

150855/2022 STODDART, NEVA vs. DYNAMIC US INC.
Motion No. 002 003 004

Page 4 of 12

[* 4]

Stoddart commenced a separate personal injury action against J.C.R. Building Corp. pursuant to <u>Neva Stoddart v J.C.R. Building Corp.</u>, Index No. 159323/2024 (JCR Building action), on October 7, 2024. The JCR Building action is based on the same allegations as the instant action. However, issue is not yet joined in the JCR Building action, and a jurist is not yet assigned (<u>see</u> <u>generally</u> NYSCEF Doc. No. 001, Index No. 159323/2024).

On December 9, 2024, note of issue, requesting a jury trial, was filed in the instant action (<u>see</u> NYSCEF Doc. No. 93, Note of Issue, dated December 9, 2024). The note of issue indicates that special trial preference was previously ordered (<u>see</u> <u>id.</u>).

Now, Stoddart moves (seq. no. 002) to sever the third-party action from the instant action. Stoddart contends that there is no basis for Dynamic's two-year delay in commencing the third-party action (<u>see</u> NYSCEF Doc. No. 69, Stoddart's Affirmation in Support of Motion to Sever). Further, it is Stoddart's position that because the main action is trial ready, allowing the third-party action to proceed would result in an inordinate delay in the trial of the main action (<u>see</u> <u>id.</u>).

Dynamic opposes and argues that Stoddart will not be prejudiced by the delay, particularly given Stoddart filed the J.C.R. Building action on October 7, 2024, which will require

150855/2022  STODDART, NEVA vs. DYNAMIC US INC.                    Page 5 of 12
Motion No. 002 003 004

5 of 12

discovery (see NYSCEF Doc. No. 78, Dynamic's Opposition to Stoddart's Motion).

Dynamic also moves (seq. no. 003) to consolidate the J.C.R. Building action with the instant action, and to vacate note of issue (seq. no. 004). In support of consolidation, Dynamic argues that both actions were commenced by the same plaintiff, arose out of the same alleged incident, and involve the same questions of law and fact (see NYSCEF Doc. No. 86, Dynamic's Affirmation in Support of Motion to Consolidate). In support of vacatur of note of issue, Dynamic asserts that discovery remains outstanding (see NYSCEF Doc. No. 100, Dynamic's Affirmation in Support of Motion to Vacate Note of Issue).

Stoddart opposes Dynamic's motions and maintains that Stoddart would be substantially prejudiced if the matters were consolidated and note of issue vacated (see NYSCEF Doc. Nos. 95, 116, Stoddart's Affirmations in Opposition). Further, Stoddart maintains that discovery is complete (see id.).

ANALYSIS

MOTION SEQUENCE NO. 002

Rule 1010 of the CPLR provides, "[t]he court may [] order a separate trial of the third-party claim . . . In exercising its

150855/2022 STODDART, NEVA vs. DYNAMIC US INC. Page 6 of 12
Motion No. 002 003 004

6 of 12

[* 6]

discretion, the court shall consider whether the controversy between the third-party plaintiff and third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party." Further, when opposing a motion for severance of a third-party action interposed relatively late in the course of the action, in addition to showing the absence of prejudice, the opponent will help his case if he has a good excuse for the delay (see Marbilla, LLC v 143/145 Lexington LLC, 116 AD3d 544 [1st Dept 2014][finding that defendant provided a reasonable justification for bringing the third-party actions six years after the initial action was filed based on the fact that it was unaware of third-party defendant's potential liability until the deposition of a previously unavailable witness was taken]).

Here, Stoddart would be substantially prejudiced by inevitable delays if compelled to await completion of disclosure in the third-party action, which was commenced more than two years after commencement of the main action without any excuse proffered by Dynamic (see Lombardi v Structure Tone, Inc., 118 AD3d 512 [1st Dept 2014][finding that motion court did not abuse its discretion in granting plaintiff's motion to sever the third-party action given that discovery remained outstanding in third-party action and plaintiff would be substantially prejudiced by the subsequent delays in completing such]; see

150855/2022 STODDART, NEVA vs. DYNAMIC US INC.
Motion No. 002 003 004

Page 7 of 12

7 of 12

[* 7]

also Blechman v Peiser's & Sons, 186 AD2d 50, 51 [1st Dept 1992]). The third-party action is in its infancy, filed only three months ago, and the main action is trial ready, with a special trial preference for Stoddart, who is 78 years old (see Skolnick v Max Connor, LLC, 89 AD3d 443, 444 [1st Dept 2011][finding that main action of 79-year-old plaintiff, who is entitled to trial preference due to her age, should not be delayed because of defendants' failure to diligently pursue their claims against third-party defendants]). "While the main and third-party action do involve common issues, any prejudice thereby caused to [Dynamic] is less than the prejudice caused to [Stoddart] by further delays" (Garcia v Gesher Realty Corp., 280 AD2d 440 [1st Dept 2001]).

Further, a judgment against Dynamic in the main action will not impede its ability to obtain a judgment against third-party defendants in a severed third-party action (see id. at 441). Accordingly, the motion (seq. no. 002) is granted, and the third-party action is severed from the main action.

MOTION SEQUENCE NO. 003

"CPLR § 602(a) gives the trial court discretion to consolidate actions involving common questions of law or fact" (Progressive Ins. Co. v Vasquez, 10 AD3d 518, 519 [1st Dept

150855/2022 STODDART, NEVA vs. DYNAMIC US INC.
Motion No. 002 003 004

Page 8 of 12

[* 8]

8 of 12

2004]). "Even where there are common questions of law or fact, consolidation is properly denied if the actions are at markedly different procedural stages and consolidation would result in undue delay in the resolution of either matter" (Abrams v Port Authority Trans-Hudson Corp., 1 AD3d 118, 119 [1st Dept 2003]; see F&K Supply v Johnson, 197 AD2d 814, 815 [3d Dept 1993] [[holding that it is well settled "that the existence of substantial prejudice in the form of delay in the trial of another action is sufficient reason to deny consolidation even in situations where common questions of law or fact exist"]; see also L.B. v Stahl York Ave. Co., 188 AD3d 421, 422 [1st Dept 2020]; Abrams v Port Authority Trans-Hudson Corp., 1 AD3d 118 [1st Dept 2003).

Here, despite there being identical issues of fact, the two actions are at vastly different stages of litigation -- note of issue has been filed in the instant action, while issue is not even joined in the JCR Building action (see Krembs v NYU Langone Hosps., 214 AD3d 453, 455 [1st Dept 2023]).

Additionally, because the court (L. Headley, J.S.C.) granted Stoddart's motion (seq. no. 001) for a special trial preference due to Stoddart's age, and note of issue has already been filed, the instant matter will be placed on the trial calendar imminently (see NYSCEF Doc. No. 55, Decision and Order, dated August 27, 2024). Stoddart, who is 78 years old, will suffer significant

150855/2022 STODDART, NEVA vs. DYNAMIC US INC.
Motion No. 002 003 004

Page 9 of 12

9 of 12

[* 9]

prejudice in waiting, possibly for two years or more, for the J.C.R Building action to arrive at the same point procedurally. The significant prejudice to Stoddart outweighs any judicial economy that would be served by consolidating these two matters (see Stahl York Ave. Co., 188 AD3d at 421; see also F&K Supply, 197 AD2d at 814; Ahmed v C.D. Kobsons, Inc., 73 AD3d 440, 441 [1st Dept 2010][affirming denial of consolidation motion when actions were in markedly different procedural stages]). Therefore, the motion to consolidate (seq. no. 003) is denied.

MOTION SEQUENCE NO. 004

Pursuant to 22 NYCRR § 202.21[e], within 20 days after service of a note of issue and certificate of readiness, any party to the action may move to vacate the note of issue, upon an affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect (see Vargas v. Villa Josefa Realty Corp., 28 AD3d 389, 390 [1st Dept 2006]; see also Paulino v Staten Island University Hosp., 2025 NY Slip Op 00232 [2d Dept 2025]).

Dynamic contends that note of issue "must be vacated" because certain discovery remains outstanding, namely "[Stoddart's] responses to Dynamics Supplemental Discovery

150855/2022 STODDART, NEVA vs. DYNAMIC US INC.
Motion No. 002 003 004

Page 10 of 12

10 of 12

[* 10]

Demands dated December 3, 2024; [Stoddart's] responses to Dynamics demands and authorization dated August 19, 2024; and [Stoddart's] responses to Dynamic's Notice to Produce dated August 19, 2024" (NYSCEF Doc. No. 100, Dynamic's Affirmation in Support of Motion). However, the court is unpersuaded by Dynamic's disingenuous arguments.

The court, in its August 13, 2024 Status Conference Order, ordered Dynamic to "advise [Stoddart] in writing of any outstanding discovery demands within 10 days" (NSYCEF Doc. No. 45, Status Conference Order, dated August 13, 2024 [L. Headley, J.S.C.] [emphasis added]). In blatant disregard for the court's order and without leave of court, Dynamic served Supplemental Discovery Demands on December 3, 2024, which is 102 days past due.

Further, Stoddart responded to Dynamic's August 19, 2024 discovery demands (see NYSCEF Doc. No. 110, Stoddart's Response to August 19, 2024 Discovery Demands). If Dynamic deemed Stoddart's responses to be insufficient or unresponsive, then Dynamic was within its right to file the appropriate motions, which it failed to do. The court will not vacate note of issue to permit Dynamic to remedy its shortcomings and lack of diligence in seeking discovery (see Taylor v Enterprise FM Trust, 214 AD3d 493, 494 [1st Dept 2023]; see also Nikqi v Dedona Contracting Corp., 117 AD3d 620 [1st Dept 2014]).

150855/2022  STODDART, NEVA vs. DYNAMIC US INC.
Motion No. 002 003 004

Accordingly, it is

ORDERED that motion (sequence number 002) of plaintiff NEVA STODDART is granted, and the third-party action under Index No. 596006/2024 is severed from Index No. 150855/2022;

ORDERED that plaintiff shall serve a copy of this order with notice of entry on the Clerk of this Court, within 10 days of entry;

ORDERED that the Clerk of this Court, upon service of a copy of this order with notice of entry, shall sever the third-party action, Index No. 596006/2024, and record such action in the Clerk's record;

ORDERED that motion (sequence number 003) of defendant DYNAMIC US INC. to consolidate is denied entirely; and it is further

ORDERED that motion (sequence number 004) of defendant DYNAMIC US INC. to vacate note of issue is denied entirely.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

2/03/2025
DATE

EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

150855/2022  STODDART, NEVA vs. DYNAMIC US INC.
Motion No.  002 003 004

Page 12 of 12

[* 12]