■ In the Matter of PETER AMABILE, Respondent, v HERBERT J. SIMINS, as Commissioner of Department of Public Works of the City of New York, et al., Appellants.—Judgment, Supreme Court, New York County, entered on June 23, 1975, affirmed, without costs and without disbursements, on the opinion of Frank, J. Concur—Kupferman, J. P., Lane, Nunez and Lynch, JJ.; Lupiano, J., dissents in the following memorandum: This is an article 78

proceeding brought by petitioner to review and annul a determination of respondent Commissioner of the Department of Public Works of the City of New York which denied petitioner's application for a license as a master electrician. Respondents appeal from an order and judgment of Special Term granting the petition, annulling the administrative determination and directing that a master electrician's license be issued to petitioner. Concededly, petitioner has passed both the written and practical examinations. At issue is whether petitioner's prior experience satisfied the requirements set forth in the Administrative Code of the City of New York. Section B30-10.0 of the Administrative Code entitled "Qualifications of applicants for licenses" requires, *inter alia,* that an applicant for a master electrician's license "shall have had, immediately preceding his application, at least seven and one-half (7½) years of experience in the installation, alteration, and repair of wiring and appliances for electric light, heat and power in or on buildings". Subdivision a thereof delineates what the seven and one-half years of experience shall consist of. Further, section B30-17.0 of the Administrative Code entitled "Electrical work by unlicensed persons; false representations" provides, *inter alia,* that "No person, partnership or corporation not the holder of a license, shall install, alter or repair any wiring or appliances for electric light, heat or power in or on any building and no person, partnership or corporation shall cause any such work to be done by any person, partnership or corporation not the holder of such license, *unless* employed by and *working under the supervision of a person,* partnership or corporation *holding a license* as defined herein" (emphasis supplied). Respondents in denying petitioner a license, rely on both of the above-cited sections of the Administrative Code. In essence, they assert that the required seven and one-half years' experience immediately preceding the application must be in the employ and under the supervision of a licensed master electrician. The recommendation by the license board to the Commissioner of Public Works that petitioner's application for issuance of a master electrician's license be denied is predicated on hearings held on October 24 and December 10, 1974. Petitioner averred that he had been employed by Walter Ferguson Electric, Inc., from 1968 through 1973. Walter Ferguson, who held the master electrician's license for the firm, was found in a separate proceeding to have failed to supervise the work done under his license and not to have been resident in the vicinity of New York City, but to have traveled periodically to New York City for the purpose of signing blank forms which approved work done or to be done by the petitioner. At the conclusion of the license board hearing held on December 4, 1973, on the charge of not properly supervising the electrical work for which he filed applications for electrical inspection, Mr. Ferguson was found guilty, but was allowed to renew his 1974 license, *i.e.,* to remain in business for one more year, subject to the proviso that (a) he would directly supervise all electrical work for which he files and (b) at the end of the year he request a surrender of the license. It appears that this decision was prompted by Ferguson's plea that if not allowed to continue for a short period, he would become a public charge. Special Term found it unnecessary to determine whether the respondents' construction of section B30-10.0 of the Administrative Code as requiring experience under the supervision or direction of a licensed electrician as delineated in section B30-17.0 of the Administrative Code is proper. Study of Special Term's rationale discloses that it is based on a finding that respondents have arbitrarily discriminated against petitioner in urging their construction because they have not demonstrated that they applied it to others. The record is totally devoid of proof that

petitioner is being discriminated against. Yet, Special Term concluded that "standards must be uniformily applied" and "respondent's actions constitute an arbitrary overreaching of statutory standards and *the imposition of a greater burden upon petitioner than imposed upon others similarly situated"* (emphasis supplied). The crucial issue beyond peradventure is whether the interpretation of section B30-10.0 urged by respondents in their utilization of section B30-17.0 is justifiable and proper. In *Diaz v Paduano* (NYLJ, May 22, 1953, p 1727, col 6), Justice Steuer, sitting at Special Term, was presented with a situation strikingly similar to the one at Bar. He aptly observed as follows: "Petitioner * * * claims that respondent board in passing on his qualifications applied a standard different from that prescribed by statute. Among these qualifications is five years of practical experience [citation]. The board construes this to mean experience under the supervision or direction of a licensed electrician. The question is whether this is a proper interpretation of the statute or the imposition of a condition in addition to it. If the latter, the board has no authority to add it (Picone v. Commissioner of Licenses, 241 N.Y. 157). All of the experience relied on by petitioner was gained in this state. The work constituting the experience must, by law, be performed by or under the direct supervision of a licensed electrician (Administrative Code, chap. 30, B, 17.0, et seq.). There was, therefore, no other way in which the experience could be legitimately acquired. Experience to be valuable must be gained in the use of approved methods and techniques. With no supervision or under the supervision of a person not shown to be qualified, the experience is without significance and may be harmful. The board was justified in holding that such experience was not of the type called for by the statute." Petitioner's argument that he is being punished for Ferguson's omissions misses the overriding consideration that the license is the protection afforded the public from incompetence which could, in this area, most easily result in serious injury to life, limb or property (see *Matter of Tchernoff v Davidson,* 36 AD2d 527). Indeed, most recently this court in *Matter of Musitano v Simins* (49 AD2d 813) confirmed a determination by the respondent commissioner which was predicated on the finding by the license board after hearings that Musitano was not properly supervised for the required period, although he had passed the written and practical examinations in connection with his application for a master electrician's license. The analogy between *Matter of Musitano v Simins (supra),* and the instant matter is striking, compelling and dispositive. Parenthetically, it is noted that the evidence at the hearings in *Musitano* demonstrated that the licensed electrician under whose supervision Musitano claimed he worked spent much time out of New York State and, therefore, could not be said to have properly supervised the applicant. "In determining whether respondent acted arbitrarily in accepting the determination of the Licensing Board it must be borne in mind that a master electrician bears the full responsibility for all electrical work that is done under his aegis * * * The responsibility for seeing to it that a license is not given to an incompetent or unfit applicant is placed on the respondent. For that purpose the Licensing Board, comprised of persons whose expertise in the field is not challenged here, is, provided. Unless the determination is so lacking in a reasonable basis that it can rightfully be styled arbitrary or capricious, it must be upheld" *(Matter of Tchernoff v Davidson, supra).* Clearly, the reading of the two afore-mentioned sections of the Administrative Code in conjunction is a proper interpretation of the statutory scheme, and the respondents' determination is based upon grounds which under the statute the administrative body may appropriately consider

(see *Matter of Picone v Commissioner of Licenses of City of N. Y.,* 241 NY 157; cf. *Matter of Larkin Co. v Schwab,* 242 NY 330, 335). This conclusion is not altered by Special Term's finding that the one-to-one supervisory relationship here required is an impossibility in many instances. Special Term seemingly defined "supervision" to mean "one-to-one". "Supervision" is more properly defined as "direction, inspection and critical evaluation" (Webster's Third New International Dictionary), which definition patently comports with the statutory scheme. Accordingly, the order and judgment of the Supreme Court, New York County, entered June 23, 1975, should be reversed, on the law, and the petition should be dismissed.