C. Donnino, J.), entered January 23, 2003, unanimously affirmed for the reasons stated by Donnino, J., without costs or disbursements. No opinion. Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.

■ In the Matter of LOUIS A. PACCA, Petitioner, v CITY OF NEW YORK DEPARTMENT OF BUILDINGS et al., Respondents. [766 NYS2d 354]—

Determination of respondent Acting Commissioner of the Department of Buildings, dated February 28, 2002, which denied petitioner's application for a master electrician's license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Louis York, J.], entered November 21, 2002), dismissed, without costs.

Respondent Acting Commissioner's determination that petitioner established only 4$\frac{1}{2}$ years of the requisite 7$\frac{1}{2}$ years of qualifying experience for a master electrician's license is supported by the record. Petitioner failed to demonstrate that he worked under the supervision of a master electrician, as required by the Electrical Code (Administrative Code of City of NY, tit 27, ch 3, §§ 27-3010, 27-3017; *Matter of Amabile v Simins*, 51 AD2d 930 [1976]), with the exception of work performed for his most recent employer. In addition, petitioner conceded that he did not pass the university courses he sought to include as qualifying experience. Accordingly, the determination "is supported by facts or reasonable inferences that can be drawn from the record and has a rational basis in the law" (*Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984]) and is therefore founded upon substantial evidence (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.

■ SHERMAN ABRAMS, Appellant, v PORT AUTHORITY TRANS-HUDSON CORPORATION, Respondent. [766 NYS2d 429]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered on or about June 26, 2003, which denied plaintiff's motion to consolidate this action with one pending in Civil Court, unanimously affirmed, without costs.

Even where there are common questions of law or fact, consolidation is properly denied if the actions are at markedly different procedural stages and consolidation would result in undue delay in the resolution of either matter (*F & K Supply v Johnson*, 197 AD2d 814, 814-815 [1993]; *Steuerman v Broughton*, 123 AD2d 681 [1986]). The Civil Court action sought to be consolidated has been placed on the trial calendar, whereas this action has barely advanced to the discovery phase. Since consolidation would delay both the resolution of the Civil Court action and trial of the consolidated action, denial of the motion was an appropriate exercise of discretion.

We have examined plaintiff's remaining contentions and find them to be unavailing. Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.