■ ABDULLA AHMED, Appellant, v C.D. KOBSONS, INC., Respondent. [904 NYS2d 366]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered on or about September 11, 2009, which, in an action by a commercial tenant against his landlord seeking, inter alia, a declaratory judgment that tenant is entitled to renew the subject lease, denied tenant's motion to remove and consolidate a holdover proceeding that landlord had commenced in Civil Court, but stayed issuance of any Civil Court warrant of eviction pending further order of Supreme Court, unanimously affirmed, with costs.

Landlord refused to renew the lease based on a lease clause conditioning renewal on tenant's not being delinquent in the payment of rent or otherwise in material breach of the lease. Tenant then brought this declaratory judgment action to resolve his right to renew the lease, and sought a preliminary injunction staying expiration of the lease pending the action. That motion was denied, the court finding that tenant was continuously late in paying rent and materially in breach of other provisions of the lease, and rejecting tenant's argument that landlord could not refuse renewal on account of the claimed lease violations without having previously served a notice to cure those violations (67 AD3d 467 [2009], affg 24 Misc 3d 1208[A], 2009 NY Slip Op 51307[U] [2009]). Landlord then commenced a holdover proceeding in Civil Court, which was promptly scheduled for trial. On the eve of trial, tenant moved to consolidate the holdover proceeding with this action.

Supreme Court denied the motion to consolidate, commenting that the instant action was still in its initial stages and, moreover, as it had already determined on tenant's prior motion for injunctive relief, appears to lack merit, and that Civil Court is better suited to resolve the matter "quickly and efficiently." This was a proper exercise of discretion. "Even where there are common questions of law or fact, consolidation is properly denied if the actions are at markedly different procedural stages and consolidation would result in undue delay in the resolution of either matter" (*Abrams v Port Auth. Trans-Hudson Corp.*, 1 AD3d 118, 119 [2003]).

Our disposition of this appeal does not affect Civil Court's jurisdiction to entertain tenant's second affirmative defense. Concur—Andrias, J.P., Freedman, Catterson, McGuire and Román, JJ. **[Prior Case History: 2009 NY Slip Op 32061(U).]**