OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and defendant’s motion to consolidate this action with an action pending in the Civil Court of the City of New York, Queens County, entitled Feinstein & Nisnewitz, P.C. v DeCofin, LLC (index No. CV-025896-11/QU) is denied.
Plaintiff National Arbitration & Mediation (NAM) was engaged to mediate the case of Luca Ricci and DeCofin, LLC against Soma Designers, LLC. Ricci and DeCofin were represented at that mediation by defendant Feinstein & Nisnewitz, EC. (FNFC). In connection with the mediation, Craig Nisnewitz, Esq., of FNPC, as attorney for the plaintiffs-claimants in the mediation, signed a dispute resolution agreement, which included, among its terms, the following:
“Counsel . . . accepts responsibility for payment of all NAM fees pertaining to this matter regardless of the outcome of this case . . . Neither NAM, nor its Officers!,] Directors!,] employees, representatives or Arbitrator[s] is a necessary party in any further alternative dispute resolution or judicial proceeding and may not be called to testify at any subsequent proceeding.”
NAM commenced this commercial claims action (action No. 1) against FNPC to recover mediation fees it claimed it was owed under the dispute resolution agreement, and also asserted a right to recover on the basis of “services rendered to defendant.”
*12 After NAM commenced action No. 1, FNPC brought a plenary action in the Civil Court, Queens County, against its former clients, entitled Feinstein & Nisnewitz, P.C. v DeCofin, LLC (index No. CV-025896-11/QU) (action No. 2), in which it sought indemnification for the amount of any judgment awarded against it in action No. 1. The complaint in action No. 2 alleged that, under the terms of the settlement agreement in the mediation of the case of Ricci and DeCofin against Soma Designers, LLC, Ricci and DeCofin were responsible for payment of 50% of the total mediation fees due to NAM, and that, under the terms of the retainer agreement between Ricci and DeCofin, as clients, and FNPC, as attorneys, Ricci and DeCofin were responsible for the payment of all fees and expenses which FNPC had incurred in connection with the mediation. FNPC made a motion in action No. 1, returnable on the scheduled trial date of this action, to consolidate action Nos. 1 and 2. In support of its motion, FNPC claimed that the two actions presented common questions of law and fact; that, under the terms of its retainer agreement with its former clients, the clients were responsible for the fees and expenses FNPC had incurred on their behalf; that since FNPC had acted as the disclosed agent of FNPC’s clients, FNPC’s clients, rather than it, were liable to NAM; and that its liability to NAM, if any, was vicarious only. FNPC’s motion for consolidation was granted over NAM’s opposition, and this appeal ensued.
CPLR 602 (a) permits the consolidation of actions which involve common questions of law or fact, and generally vests discretion with the trial judge to determine whether to order consolidation. Where consolidation is sought, the party opposing consolidation bears the burden of demonstrating prejudice to a substantial right (see American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 622 [2012]; Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 850 [2008]; Spector v Zuckermann, 287 AD2d 704, 706 [2001]). Although consolidation is favored where it advances judicial economy and the avoidance of the possibility of inconsistent results (see 1 NY Jur 2d, Actions § 64), it should not be ordered where the issues raised in the two actions are “essentially different, or there is an insufficient identity of the factual or legal issues involved in the actions” (see 1 NY Jur 2d, Actions § 62). The prejudice inherent in delay may also militate against consolidation when the actions sought to be consolidated are at markedly different stages (see 1 NY Jur 2d, Actions § 64; see also Ahmed v C.D. Kobsons, Inc., 73 *13 AD3d 440, 441 [2010]; Abrams v Port Auth. Trans-Hudson Corp., 1 AD3d 118, 119 [2003]; F & K Supply v Johnson, 197 AD2d 814 [1993]). Undue prejudice may also result when a litigant in one action is compelled, through consolidation, to participate in other, more complex, litigation (e.g. Sokolow, Dunaud, Mercadier & Carreras v Lasher, 299 AD2d 64 [2002]).
Here, in action No. 1, NAM seeks a recovery based on its alleged rights under the dispute resolution agreement. The claims in action No. 2, by contrast, are based on FNPC’s alleged rights vis-á-vis its former clients under its retainer agreement with those clients, as well as obligations which it asserts that those clients undertook in their settlement agreement with their former adversary, Soma Designers, LLC. Although FNPC’s claims in action No. 2 are derivative from any recovery NAM may obtain in action No. 1, the two actions are premised on separate contracts, and FNPC has not alleged that NAM is a party to the contracts underlying action No. 2.
Consolidation of the two actions would also, necessarily, cause substantial delay in the resolution of action No. 1. That action was brought in the Commercial Claims Part of the Civil Court. The Commercial Claims Part is the “entity’s” counterpart of the small claims part (see Siegel, NY Prac § 585A at 1046 [5th ed 2011]); as such, its purpose is to provide an expedited procedure for dispute resolution, and protracted discovery is generally unavailable (see Siegel, NY Prac § 582 at 1037 [5th ed 2011]; see also Matter of Yee v Town of Orangetown, 76 AD3d 104 [2010]). Action No. 1 was scheduled for trial on the return date of the motion to consolidate the two actions. Action No. 2 is a plenary action brought in the Civil Court, and, in its brief to this court, FNPC has plainly indicated that substantial pretrial disclosure is anticipated.
Accordingly, the order is reversed and the motion by FNPC to consolidate the two actions is denied.
Weston, J.P, Rios and Solomon, JJ., concur.