| Santiago v City of New York |
|:---:|
| 2024 NY Slip Op 33079(U) |
| September 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159551/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**

*Justice*

PART **05M**

--------------------------------------------------------------------------X

CHRISTOPHER SANTIAGO, URENA UBALDO, RAHSAAN WILLIAMS, DAVID GONZALEZ, CHRISTOPHER KINLOCH, EBONY COTTMAN, KAREN SEGUR, STANLEY SAINT PHARD, ALBERTO GONZALEZ, ERIKA BRADBY, DIANE PRADE, ANGELA DICHIRO, ARMAND PRETLOW, JOSEPH VANTERPOOL, ROBERTO FERNANDEZ, VERONICA HOWELL, LISA SIMMONS, JASMINE JONAS, RUTHSANA LEE, JOEL CORREA, CARLOS DIAZ, ELLIOTT PAGAN, LUIS PAGAN, SARITA CHAPPLE, KENNETH MCFARLANE, KEISHA PEREZ, REGINA WILLIAMS, VICTOR GASKIN, LORENZO PHILLIPS, NIEVES MERCADO, ARIEL MARTINEZ, CHERRELLE DAVIS, BRYANT AHYOUNG, NICOLE JARVIS, NATALIE KWAYKE, ASHLEY MERRERO, MADEL CASTILLO, LATANYA WORLEY, TERRY GREEN, JAMES THOMAS, GREGORY JOHNSON, DEENA BRONSON, ANGELA WARD-CUNNINGHAM, TAYLOR ROGERS, SHAQUELLA ASHBY, MARVENA HEWITT, CHRISTINA WHITIKER, YOLANDA BRYANT, ANTONIO RIVERA, MICHAEL NELSON, MAKEISHA WEEKS, LONISE SMALLS-DAVIS, MAKEDA BRANNON, MARCHELLE FRANKLIN, ALTHEA KNIGHT, CARLTON WALCOTT, QUINN SMITH, WILLIAM PHILLIPS, JEAN SOUFRANTE, DAVID GASKIN, T. RAY JOHNSON, CHARLES WILLIAMS, ALBERTO PORRIAS, KHAMWATIE BUDHAI, EFRAIN PUENTE, MARC TATE, JESSICA SIMMONS, SABREEN TAYLOR, OFC. MONK, COURTNEY JOSEPH, JENNIFER PRICE, TARA BALLARD, CRAIG HOUSTON, OFFICER PORTER, BRITNIE BRUNO, EUGENE LEWIS, JENNIFER MCCABE, OFFICER MOON, MAGGIE TORRES, OFFICER GUZMAN, GARY WILLIAMS, LEO PREVILLION, JULIO SURIEL, DILBAG SINGH, MARCUS R. ISAAC, DAVID MEDINA, DEIGHTON GRAY, LEONDRA ROSE, JEFFERSON MILLER, TRACY TOMARS, LUIS A. NIEVES, KEVIN HOLDER, BERESFORD HARRISON, HECTOR NAZARIO, LIZETTE MALDONADO, TAMISHA SUTTON, ADRIAN MILLS, CAMILLE STEPHENSON, ELJEN GREEN, GREGORY HILL, ALEXIS GONZALEZ, CHRISTIAN COSSETTE, LOIS KONG, LEE MITCHELL, ROSETTA WASHINGTON, LAVERQUISTA STEELE, DAVID JIMENEZ, JOHN CRUZ, C. D'AUGUSTINE MAR, EMILE HENRY, JEAN NELSON, NICOLE JOHNSON, SIERRA CUNNINGHAM, TONIA A. JOHNSON, RETISHA MYATT, NATHANIEL LEE, ANTOINETTE EDWARDS, LAKINA WALLACE, ANDRE BROWN, ERIC SAVAGE, PAUL SAVAGE, PAUL S. DAVIS, REGINALD FORDE, SHENIQUA BURTON, KATTIA HYMAN, DALE MOORE,

INDEX NO.    159551/2021

MOTION DATE    02/23/2024

MOTION SEQ. NO.    006

**DECISION + ORDER ON MOTION**

159551/2021   SANTIAGO, CHRISTOPHER ET AL vs. THE CITY OF NEW YORK ET AL
Motion No. 006

Page 1 of 4

[* 1]

SAUDE HARRIS, HARCOURT V. BULLARD, GRANKS MARLON, LYDIA CUMBERBATCH, GEORGE R. SANTIAGO, RAHMAN TELFEIR, LATISHA BOONE, WILLIAM NAVARRO, TYNESHA GRAY, KAMARI LIVINGSTON, KIMBERLI DAVIS, TAYANNA GRANT, SELVIN STULTZ, SHAQUANA THOMAS, EDWARD KELLY, TRACY MADKINS, EVELYN IRBY, CHRIS ALLEN, JOSSETTA MORGAN, DARRELL RAMOS, JEAN GERMAINE, KOBIE MCCOY, WILLIAM R. WILLIAMS

Plaintiff,

- v -

THE CITY OF NEW YORK, NEW YORK CITY COUNCIL, VINCENT SCHIRALDI, MARIO JULIEN, COREY JOHNSON, I DANEEK MILLER, HELEN ROSENTHAL, ERIC DINOWITZ, FRANCISCO MOYA, ADRIENNE E. ADAMS, ERIC A. ULRICH, FARAH N. LOUIS, COMMITTEE ON CIVIL SERVICE AND LABOR, MATHIEU EUGENE, BILL PERKINS, DANIEL DROMM, BRAD LANDER, INEZ BARRON, COMMITTEE ON CIVIL AND HUMAN RIGHTS, DARMA V. DIAZ, BEN KALLOS, JAMES F. GENNARO, LAURIE A. CUMBO, COMMITTEE ON WOMEN AND GENDER EQUITY,

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 124, 125, 126, 127, 128, 129, 130, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 143, 144, 145

were read on this motion to/for          CONSOLIDATE/JOIN FOR TRIAL          .


Plaintiffs, in a joint application, move this court for an order pursuant to CPLR §603 to sever certain sexual abuse and harassment claims in the above-captioned matter. Additionally, Plaintiffs seek an order under CPLR §602 to consolidate related claims that are actionable under New York's Adult Survivors Act with those in the case of *Minor, et al. v. City of New York, et al.*, Index No. 952385-2023, currently pending in New York County Supreme Court. Defendants, the City of New York ("City"), oppose this motion on the grounds that Plaintiffs have failed to establish sufficient justification for the relief sought, and argue that consolidation would be improper given the differing procedural postures of the cases and the lack of commonality in legal and factual issues.

## BACKGROUND

This case involves claims brought by 152 individuals, who are either current or former Correction Officers employed by the City at the New York City Department of Correction ("DOC"). Plaintiffs allege discrimination based on race, ethnicity, disability, and/or gender, as well as retaliation and hostile work environment claims, including those based on sexual

**159551/2021   SANTIAGO, CHRISTOPHER ET AL vs. THE CITY OF NEW YORK ET AL**          **Page 2 of 4**
  **Motion No.  006**

2 of 4

[* 2]

harassment by non-defendant inmates. Plaintiffs initially filed their complaint on October 20, 2021, and subsequent procedural developments include multiple motions, orders to show cause, and the partial dismissal of claims by this court.

On January 12, 2024, this court granted in part and denied in part the City's motion to dismiss, dismissing all but the timely hostile work environment claims predicated on the theory of sexual harassment by inmates. Plaintiffs were directed to file a Second Amended Complaint limited to these claims, but to date, they have not complied.[1]

Plaintiffs now seek to sever dismissed claims and consolidate their remaining claims with those in the *Minor* action, which involves discrimination claims under the New York State Human Rights Law, New York City Human Rights Law, the New York State Constitution, and the Adult Survivors Act. Plaintiffs assert that many of the claims in the present action are identical to those in *Minor* and argue that consolidation would promote judicial economy.

## ARGUMENTS

Plaintiffs contend that severance and consolidation are necessary to further convenience, promote the interests of justice, and avoid prejudice. They argue that the claims in both actions share significant overlap, including many identical allegations and parties. As such, they believe consolidation is warranted under CPLR §602(a), which allows for consolidation when actions involve common questions of law or fact.

In opposition, the City argues that the motion should be denied because there is no operative complaint in the present action, and the *Minor* plaintiffs have yet to file their amended complaint. The City further contends that the cases are at markedly different procedural stages, with the present action moving towards discovery and the *Minor* action still in its initial stages. Additionally, the City notes that consolidation would be premature and potentially prejudicial, given the possibility of dispositive motions in *Minor*. The City also emphasizes that Plaintiffs have failed to serve consolidation motion papers in the *Minor* case, which involves different defendants than those in the present matter.

## DISCUSSION

After careful consideration of the arguments presented, the court finds that Plaintiffs have failed to meet the burden necessary to justify the extraordinary relief sought. The court is mindful of the principles set forth in CPLR §602(a), which allows for consolidation when there is a common question of law or fact. However, the mere existence of some overlap in factual or legal issues does not automatically warrant consolidation, particularly where, as here, the cases are at significantly different procedural stages and consolidation could lead to undue delay or prejudice.

*Severance and Consolidation*

---

[1] Plaintiffs informed the court that a Second Amended Complaint was filed *after* the City submitted opposition on September 3, 2024, mere hours before this matter was heard for oral argument. Plaintiff proffered no reasonable excuse for the late filing of the Second Amended Complaint.

**159551/2021   SANTIAGO, CHRISTOPHER ET AL vs. THE CITY OF NEW YORK ET AL**          **Page 3 of 4**
  **Motion No.  006**

Plaintiffs' request for severance under CPLR §603 is predicated on the need to align the remaining claims in this action with those in *Minor*. However, Plaintiffs have not articulated how severance would meaningfully promote the interests of justice or convenience. The claims that Plaintiffs seek to sever have already been dismissed, and this court sees no compelling reason to disturb that decision or to sever claims for the purpose of consolidation with another action.

Regarding consolidation, the court notes that the procedural posture of the *Minor* action is not conducive to consolidation at this time. The *Minor* plaintiffs have yet to file an amended complaint, and the City has not filed an answer in either action. As established in precedent, consolidation is inappropriate where one action is subject to a potentially meritorious motion to dismiss, or where the actions are at different stages of litigation (*see Abrams v Port Auth. Trans-Hudson Corp.,* 1 AD3d 118, 119 [1st Dept 2003]["Even where there are common questions of law or fact, consolidation is properly denied if the actions are at markedly different procedural stages and consolidation would result in undue delay in the resolution of either matter"]; *see also Bender v Underwood*, 93 AD2d 747 [1st Dept 1983]; *HSBC Bank USA, N.A. v. Francis*, 214 AD3d 58 [2d Dept 2023]). Furthermore, the failure to properly serve consolidation motion papers in the *Minor* case is a procedural deficiency that further undermines Plaintiffs' position.

In sum, Plaintiffs have not demonstrated that consolidation would be appropriate or beneficial under the current circumstances. The factual and legal overlap between the cases, while present to some degree, does not outweigh the procedural complications and potential prejudice that would result from consolidation at this juncture. As such, it is hereby

**ORDERED** that Plaintiffs' motion to sever and consolidate is denied in its entirety, with leave to renew if Plaintiffs address and correct the procedural complications highlighted by the City and the court.

This constitutes the decision and order of the court.

20240903132131HKINGO9FE...B23744B1FA7D42B90DE44F7DF

**9/3/2024**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]

4 of 4