| **One 56 W. LLC v Aryeh** |
|:---:|
| 2026 NY Slip Op 30728(U) |
| February 18, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 155928/2022 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 42M

-------------------------------------------------------------------------------X

ONE 56 WEST LLC,

Plaintiff,

- v -

YOSEF ARYEH, DECIMA FAGAN, EDWARD T. FAGAN,
SERETTA FAGAN, JOHN DOE #1 THROUGH JOHN DOE
#20

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155928/2022 |
| **MOTION DATE** | 07/31/2025 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92

were read on this motion to/for          TRIAL PREFERENCE          .

APPEARANCES:

      Ginsburg & Misk LLP, Queens Village, New York (Christopher R. Clarke, Esq., of counsel) for plaintiff.

      Gomberg Legal P.C., Ossining, New York (Stanislav Gomberg, Esq., of counsel) for defendants DECIMA FAGAN, EDWARD FAGAN, and SERETTA FAGAN.

HON. EMILY MORALES-MINERVA:

In this RPAPL article 15 action to quiet title certain property, defendants DECIMA FAGAN, EDWARD T. FAGAN, and SERETTA FAGAN move,[1] by notice of motion (sequence number 04), pursuant to CPLR § 3403,[2] for a trial preference based upon defendant DECIMA FAGAN's age.

---

[1] Defendant YOSEF ARYEH, who is represented by different counsel, does not join in on the instant application for a trial preference.

[2] CPLR § 3403 provides, as relevant here, "(a) Preferred cases. Civil cases shall be tried in the order in which notes of issue have been filed, but the following shall be entitled to a preference: (4) in any action upon the application of a party who has reached the age of seventy years."

**155928/2022 ONE 56 WEST LLC vs. ARYEH, YOSEF ET AL**      **Page 1 of 11**
**Motion No. 004**

[* 1]

Plaintiff ONE WEST 56 LLC opposes and cross-moves for an order, pursuant to CPLR § 602,[3] consolidating the instant action with One 56 Street Corporation v Henry Fagan et al., Index No. 158812/2014 (Sup Ct NY Cnty 2014).

Now, upon review of the application and supporting materials, the Court denies defendants' motion (seq. no. 04) for a trial preference, and denies plaintiff's cross-motion to consolidate.

BACKGROUND

On July 18, 2022, plaintiff ONE WEST 56 LLC (plaintiff) commenced the instant action against defendants YOSEF ARYEH, DECIMA FAGAN, EDWARD T. FAGAN, and SERETTA FAGAN, seeking a declaration that it is the fee simple owner of a certain parcel of land located at 156 West 122nd Street New York, New York (premises), and that defendants have no interest therein (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 01, complaint). Defendants answered (NYSCEF Doc. No. 28) and shortly thereafter, the parties engaged in discovery before the court (N. Bannon, J.S.C.).

---

[3] CPLR § 602 (a) provides, "When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

**155928/2022 ONE 56 WEST LLC vs. ARYEH, YOSEF ET AL** **Page 2 of 11**
**Motion No. 004**

[* 2]

Following the conclusion of discovery, plaintiff timely filed note of issue on November 27, 2023 (see NYSCEF Doc. No. 70, note of issue without jury, dated November 27, 2023). Thereafter, the matter was administratively re-assigned to the undersigned. Upon re-assignment, the Court held a settlement conference with the parties on March 21, 2025. However, the parties were unable to reach a resolution.

Now, defendants move for a trial preference based on the age requirement contained in CPLR § 3403 (a)(4) (see NYSCEF Doc. No. 77, notice of motion, dated July 16, 2025). Specifically, defendants contend that pursuant to CPLR § 3403 (a)(4), "a trial preference is warranted when a party is over 70 years of age" and because defendant DECIMA FAGAN "is 84 years old", defendants are entitled to a trial preference (see NYSCEF Doc. No. 78, affirmation in support of motion for a trial preference).

Plaintiff opposes and cross-moves for an order, pursuant to CPLR § 602, consolidating the instant action with One 56 Street Corporation v Henry Fagan et al., Index No. 158812/2014 (Sup Ct NY Cnty 2014) (see NYSCEF Doc. No. 82, notice of cross-motion).

Defendant YOSEF ARYEH does not oppose or otherwise appear on defendants' motion (seq. no. 04), or plaintiff's cross-motion.

155928/2022   ONE 56 WEST LLC vs. ARYEH, YOSEF ET AL
Motion No.  004

Page 3 of 11

[* 3]

ANALYSIS

*DEFENDANTS' MOTION FOR A TRIAL PREFERENCE*

CPLR § 3403 (a)(4) provides that "civil cases <u>shall</u> be tried in order in which notes of issue have been filed, but the following <u>shall</u> be entitled to a preference . . . any action upon the application of a party who has reached the age of seventy years" (emphasis added). The preference is mandatory for any qualifying party who seeks it (<u>see</u> <u>Tytel v Battery Beer Distributors, Inc.</u>, 194 AD2d 330 [1st Dept 1993] [holding "in denying plaintiff a trial preference, the motion court overlooked the <u>mandatory language</u> of CPLR § 3403 (a)(4), which provides for such a preference in 'any action' upon the application of a party who has reached age 70"] [emphasis added]; <u>see</u> <u>also</u> <u>Jenkins v Riverbay Corp.</u>, 187 AD3d 543 [1st Dept 2020] [noting, in dicta, that plaintiff "has been granted a trial preference based on his advanced age"]; <u>Curto v Kahn Prop. Owner, LLC</u>, 225 AD3d 660, 662 [2d Dept 2024] [stating the same principle]).

Notwithstanding this mandatory language, the party seeking a trial preference bears the burden of demonstrating entitlement to it. Pursuant to 22 NYCRR § 202.25, "no preference shall be

[* 4]

granted by default unless the Court finds that the action is entitled to a preference." As David D. Siegal explains:

> "The granting of a preference concerns the court, all of the court's other waiting litigants, and the parties to the action for which a preference is sought. Hence, the court should be required to satisfy itself that a preference is warranted, even if the opposing party does not respond to the motion for the preference"

(Practice Commentaries [McKinney's Cons Laws of NY, Book 7B, CPLR 3403:12]).

In addition, a note of issue must be filed before preference issues can be raised (see CPLR § 3403 [b]). The statute further provides that, "unless the court otherwise orders, notice of a motion for preference shall be served with the note of issue by the party serving the note of issue, or ten days after such service by any other party" (id. [emphasis added]; see also Cruz v Integrated Health Admin. Services, 56 Misc3d 654, 655 [Sup Ct Queens Cnty 2017] [holding that, in the context of subsection [a] of CPLR § 3403, "the Legislature's use of the imperative 'shall' is mandatory, not permissive"]).

CPLR § 3403 (b) carves out an exception to this timing requirement -- a party may move "during the pendency of the action upon the application of a party who reaches the age of seventy years, or who is terminally ill" (CPLR § 3403 [b]).

Based on the clear and unambiguous language of CPLR § 3403, and giving effect to its plain meaning, defendants were required to file the notice of motion for a trial preference either (1) within ten days after being served with the note of issue, unless this Court ordered otherwise; or (2) during the pendency of this action, upon the application of a defendant who thereafter reaches 70 years of age (see People ex rel. Negron v Supt, Woodbourne Correctional Facility, 36 NY3d 32, 36 [2020] ["(W)here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning"], quoting State of New York v Patricia II, 6 NY3d 160, 162 [2018]; see also Statutes Law § 177 [governing peremptory or permissive language]).

Here, note of issue was filed on November 27, 2023 (see NYSCEF Doc. No. 70, note of issue without jury, dated November 27, 2023). At that time, defendant DECIMA FAGAN was already 83 years old -- well over the statutory age threshold of seventy (see NYSCEF Doc. No. 79, exhibit A to defendants' affirmation in support of motion [purported identification card reflecting a date of birth of June 12, 1940]). Nevertheless, defendants waited nearly one year and seven months after the filing of note of issue to move for a trial preference based upon her age. Accordingly, under the clear timing requirements of CPLR § 3403 (b), defendants' motion is untimely (see Addison v

155928/2022   ONE 56 WEST LLC vs. ARYEH, YOSEF ET AL     Page 6 of 11
Motion No.  004

6 of 11

[* 6]

Hall, 8 Misc3d 1028 [A], *2 [Sup Ct Bx Cnty 2005] ["(t)he CPLR expressly requires the notice of motion for a preference to be served with the notice of trial or within 10 days by a party on whom notice of trial is served"]).

The inquiry does not end there.  Although defendants could have sought leave of this Court to move beyond the time limitations imposed by CPLR § 3403 (b), they neither requested nor obtained such relief.  Further, the instant motion papers offer no explanation for the substantial delay (see Addison, 8 Misc3d at *2 ["where the application is not timely made in accordance with the prescription of the statute, an explanation of any delay is required before the discretion of the court may be exercised in favor of a preference"]; see also Seiden v 941 Park Ave., Inc., 2023 WL 8604282, *1 [Sup Ct NY Cnty 2023] [denying motion for trial preference where note of issue was filed on February 11, 2022, and the notice of motion for a trial preference was filed well over a year later without explanation or excuse for the lengthy delay]).  Indeed, defendants wholly disregard the statutory timing requirements of CPLR § 3403 (b).

Notwithstanding the foregoing, the evidentiary proof submitted in support of the instant motion is insufficient.  Although defendant DECIMA FAGAN submits a copy of an identification card reflecting a date of birth of June 12, 1940, she submits no affidavit or sworn statement attesting that the

155928/2022   ONE 56 WEST LLC vs. ARYEH, YOSEF ET AL          Page 7 of 11
Motion No. 004

7 of 11

[* 7]

identification card belongs to her or to her age. In the absence of such, this Court has no basis to conclude that the identification card is that of defendant, or that the date of birth reflected therein is attributable to her. Therefore, the Court is unable to determine defendants' entitlement to a trial preference on the proof submitted (see Schneider v Pine Mgmt, Inc., 2024 WL 309786, *1 [Sup Ct NY Cnty 2024] [R. Reed, J.S.C.] [finding that "no affidavit from plaintiff was provided to attest that plaintiff is entitled to the requested statutory relief"], citing Pak v Lancaster, 55 Misc3d 1218 [A], *1 [Sup Ct NY Cnty 2017] [holding that "the Court must protect the interests of all litigants on the trial rolls of this Court who are patiently waiting to have [their] important day in Court. Toward that end, the CPLR requires the entitlement to an age preference to be based upon the submission of documentary proof"]).

Independently, defendants EDWARD FAGAN and SERETTA FAGAN fail to qualify for a trial preference, as neither had attained the age of seventy at the time the instant motion was filed (see NYSCEF Doc. Nos. 80-81, exhibits B and C to defendants' affirmation in support of motion [purported identification cards reflecting dates of birth of January 04, 1956, and October 15, 1959]). Therefore, the motion (seq. no. 04) is denied entirely.

155928/2022   ONE 56 WEST LLC vs. ARYEH, YOSEF ET AL          Page 8 of 11
Motion No.  004

8 of 11

[* 8]

*PLAINTIFF'S CROSS-MOTION TO CONSOLIDATE*

Plaintiff's cross-motion for an order, pursuant to CPLR § 602, consolidating the instant action with One 56 Street Corporation v Henry Fagan et al., Index No. 158812/2014, is likewise denied.

CPLR § 602 (a) provides that trial courts have discretion, in the interests of judicial economy, to consolidate cases that have common questions of law and fact (see e.g. Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]; Quik Park 808 Garage LLC v 808 Columbus Commercial Owner LLC, 199 AD3d 536 [1st Dept 2021]).  However, "[e]ven where there are common questions of law or fact, consolidation of actions is properly denied if the actions are at markedly different procedural stages and consolidation would result in undue delay in the resolution of either matter" (L.B. v Stahl York Ave. Co., 188 AD3d 421, 422 [1st Dept 2020]; see also Abrams v Port Auth. Trans-Hudson Corp., 1 AD3d 118, 119 [1st Dept 2003]).

Here, the actions are in significantly different procedural stages.  Note of issue has already been filed in the instant action, whereas discovery is at its infancy in the 2014 action (see One 56 Street Corporation v Henry Fagan et al., Index No.

155928/2022   ONE 56 WEST LLC vs. ARYEH, YOSEF ET AL
Motion No.  004

Page 9 of 11

[* 9]

158812/2014, NYSCEF Doc. No. 112 [default judgment entered against defendants vacated on March 04, 2024 and vacatur upheld by the Appellate Division, First Department on February 11, 2025], and Doc. No. 115, [demand for document discovery dated June 24, 2025]; see also Abrams, 1 AD3d at 119 [noting that, in denying motion to consolidate, the first action had been placed on the trial calendar, whereas the instant action had only advanced to the discovery phase]).

Further, given note of issue was filed in the instant action approximately two years ago, the instant matter will undoubtedly be placed on the trial calendar imminently, and consolidation would unduly delay such. Consolidation, therefore, would prejudice defendants and undermine judicial economy (see Abrams, 1 AD3d at 119; see also Krembs v NYU Langone Hosps., 214 AD3d 453, 455 [1st Dept 2023] [holding that "since the two actions are at vastly different stages of litigation [] consolidation would not serve judicial economy or the interests of justice"]).

Accordingly, it is hereby

ORDERED that the motion (sequence number 04) of defendants DECIMA FAGAN, EDWARD T. FAGAN, and SERETTA FAGAN for a trial preference is denied; it is further

ORDERED that the cross-motion of plaintiff ONE 56 WEST LLC to consolidate the instant action with One 56 Street Corporation

155928/2022   ONE 56 WEST LLC vs. ARYEH, YOSEF ET AL
Motion No. 004

Page 10 of 11

10 of 11

<u>v Henry Fagan et al.</u>, Index No. 158812/2014 is denied; it is further

ORDERED that within fifteen days from the date of this decision and order, plaintiff shall serve a copy of this order with notice of entry on defendants; and it is further

ORDERED that the Clerk of Court shall mark the file accordingly.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 2/18/2026 | | | | |
|-----------|---|---|---|---|
| DATE | | | EMILY MORALES-MINERVA, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

155928/2022   ONE 56 WEST LLC vs. ARYEH, YOSEF ET AL
Motion No.  004

Page 11 of 11